# EXHIBIT A





# Notice of Service of Process

null / ALL
Transmittal Number: 20780410
Date Processed: 12/04/2019

| | |
|---|---|
| **Primary Contact:** | Ted Scartz<br>Aaron's, Inc.<br>400 Galleria Parkway SE<br>Attn: Legal Department Ste 300<br>Atlanta, GA 30339 |
| **Electronic copy provided to:** | Rebecca Ray<br>Jamilah Freeman<br>Kimberly Bryant |
| **Entity:** | Aaron's, Inc.<br>Entity ID Number 2728732 |
| **Entity Served:** | Aaron's, Inc. |
| **Title of Action:** | Arisa Mae Schomburg vs. Marcus Apodaca |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Clark County District Court, NV |
| **Case/Reference No:** | A-19-804533-C |
| **Jurisdiction Served:** | Nevada |
| **Date Served on CSC:** | 12/03/2019 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Steve Dimopoulos<br>702-800-6000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

Electronically Issued
10/30/2019 3:07 PM

SUMM

# District Court
## CLARK COUNTY, NEVADA

ARISA MAE SCHOMBURG,

        Plaintiff,

vs.

MARCUS APODACA; PENSKE TRUCK LEASING CO., a Foreign Limited Partnership; AARON'S, INC., a Foreign Corporation; DOE INDIVIDUALS 1-20, inclusive; and ROE ENTITIES 1-20, inclusive,

        Defendants.

CASE NO.: A-19-804533-C
DEPT NO.: 1

**SUMMONS**

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

        **AARON'S, INC.**
        c/o Corporation Service Company
        112 N. Curry Street
        Carson City, NV 89703

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:
    (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
    (b) Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint

Submitted by:

STEVE DIMOPOULOS, ESQ.
Nevada Bar No. 12729
MICHAEL C. LAFIA, ESQ.
Nevada Bar No. 12989
6830 S. Rainbow Blvd., Suite 200
Las Vegas, NV 89118

STEVEN D. GRIERSON
CLERK OF COURT

By: _____ 10/31/2019
    DEPUTY CLERK               Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

Demond Palmer

Case Number A-19-804533-C

Electronically Filed
10/30/2019 12:33 PM
Steven D. Grierson
CLERK OF THE COURT

COMP
STEVE DIMOPOULOS, ESQ.
Nevada Bar No. 12729
MICHAEL C. LAFIA, ESQ.
Nevada Bar No. 12989
DIMOPOULOS INJURY LAW
6830 S. Rainbow Blvd., Suite 200
Las Vegas, NV 89118
O: (702) 800-6000
F: (702) 224-2114
ml@stevedimopoulos.com
*Attorneys for Plaintiff*

CASE NO: A-19-804533-C
Department 1

### DISTRICT COURT
### CLARK COUNTY, NEVADA

| | |
|---|---|
| ARISA MAE SCHOMBURG, <br><br> Plaintiff, <br><br> vs. <br><br> MARCUS APODACA; PENSKE TRUCK LEASING CO., a Foreign Limited Partnership; AARON'S, INC., a Foreign Corporation; DOE INDIVIDUALS 1-20, inclusive; and ROE ENTITIES 1-20, inclusive, <br><br> Defendants. | CASE NO.: <br> DEPT NO.: <br><br><br> COMPLAINT |

Plaintiff, ARISA MAE SCHOMBURG, by and through her counsel, STEVE DIMOPOULOS, ESQ. and MICHAEL C. LAFIA, ESQ. of DIMOPOULOS INJURY FIRM, and for her Complaint against the Defendants, and each of them alleges and complains as follows:

### JURISDICTION

1. At all times relevant herein, Plaintiff, ARISA MAE SCHOMBURG ("Plaintiff"), is and was a resident of Clark County, State of Nevada.

2. Upon information and belief, at all times relevant herein, Defendant, MARCUS APODACA ("Defendant Apodaca"), is and was a resident of Maricopa County, State of Arizona.

///

3.  That at all times relevant herein, Defendant, PENSKE TRUCK LEASING CO. ("Defendant Penske"), was and is a Limited Partnership licensed and doing business in Clark County, Nevada.

4.  That at all times relevant herein, Defendant, AARON'S, INC. ("Defendant Aaron's"), was and is a Corporation licensed and doing business in Clark County, Nevada.

5.  Upon information and belief, Defendant Apodaca was employed by and working in the course and scope of his employment and/or agency with Defendant Aaron's for the times relevant to the underlying Complaint as stated herein.

6.  That the true names and capacities of the Defendants DOES 1 through 20, inclusive, are unknown to Plaintiff, who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed, believes and thereon alleges that each of the Defendants designated as DOES 1 through 20 are owners, operators and/or individuals or agencies otherwise within possession and control of the motor vehicle herein mentioned and/or are individuals otherwise within the flow of traffic as related hereto. Plaintiff is informed, believes and thereon alleges that Defendants ROE BUSINESS ENTITIES 1 through 20, are owners of the motor vehicle herein alleged and/or are in some manner responsible for the actions of its employees and/or assigns of Defendants designated as ROE BUSINESS ENTITIES 1 through 20. Plaintiff is informed, believes and thereon alleges that each of the Defendants designated as a DOE or a ROE BUSINESS ENTITY is in some manner negligently, vicariously, statutorily, contractually, and/or otherwise responsible for the events and happenings referred to and caused damages proximately to Plaintiff as herein alleged. Plaintiff will ask leave of the Court to amend this Complaint to insert the true names of such Defendants when the same have been ascertained.

///

///

## GENERAL ALLEGATIONS

7. Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth verbatim.

8. That, at all times relevant hereto, particularly on or about March 1, 2018, Plaintiff was driving a 2014 Ford Explorer and stopped for a red traffic signal in the #2 travel lane on Nellis Boulevard at Flamingo Road in Clark County, Nevada.

9. That at all times relevant hereto, Defendant Apodaca, was the operator of a 2015 Freightliner Tractor/Trailer Semi and attempted to make right/westbound turn from southbound of Nellis Boulevard at Flamingo Road in Clark County, Nevada.

10. That at all times relevant hereto, Defendant Apodaca, was operating the vehicle owned by Defendant Penske, while in the course and scope of his employment and/or agency with Defendant Aaron's and with the consent, permission and acquiescence of Defendant Aaron's.

11. That at all times relevant hereto, Defendant Apodaca, operated the vehicle owned by Defendant Penske in a negligent and unsafe manner when he failed to use due care and crashed the vehicle into Plaintiff's vehicle causing personal injuries.

12. That at all times relevant hereto, the negligence of the Defendant Apodaca, caused Plaintiff to sustain significant injuries.

## FIRST CAUSE OF ACTION
(Negligence)

13. Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth verbatim.

14. Defendant Apodaca had a duty to operate Defendant Penske's vehicle in safe and reasonable manner and in accordance with the traffic laws of the State of Nevada.

15.  Defendant Apodaca breached this duty when he operated Defendant Penske's vehicle in a negligent, careless, unsafe, and reckless manner thereby causing a vehicle collision and the cause of said collision was the legal and proximate cause of injuries to Plaintiff.

16.  At all times relevant hereto, Defendant Apodaca, was acting within the course and scope of his employment, services, and/or agency with Defendant Aaron's, when the subject collision occurred and acted negligently, thus each and every other Defendant, including but not limited to, Defendants Aaron's and Penske, and DOE and ROE BUSINESS ENTITY Defendants, are vicariously liable for the injuries sustained by Plaintiff as alleged above.

17.  That as a direct and proximate result of Defendants' aforesaid actions, Plaintiff incurred emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, lost wages, lost earning capacity, and past and future medical expenses, all to Plaintiff's general and special damages in an amount in excess of $150,000.

18.  That as a direct and proximate result of Defendants' aforesaid actions, it has been necessary for Plaintiff to retain an attorney to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
(Negligent Hiring, Retention, Training and Supervision)

19.  Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if here fully set forth.

20.  That Defendant Aaron's, and DOE and ROE BUSINESS ENTITY Defendants, had a duty to properly screen, hire, train and supervise its staff, employees and/or agents including Defendant Apodaca.

21.  That as described in detail in the above paragraphs incorporated herein, these Defendants, and each of them, failed to meet this obligation and breached this duty to adequately hire, train and supervise each of their staff and other agents.

Page 4 of 5

22. That as a direct and proximate result of the aforementioned breach by Defendants, and each of them, Plaintiff suffered personal injuries and general and special damages in an amount in excess of $150,000.

23. That pursuant to NRS 41.130, or alternatively, under the doctrine of "respondent superior" Defendants are liable to Plaintiff for their wrongful and tortuous acts.

24. That as a direct and proximate result of Defendants' wrongful conduct, Plaintiff has had to secure the services of any attorney to pursue this action, and Plaintiff should be allowed a reasonable sum for his attorney fees and costs incurred herein.

WHEREFORE, Plaintiff prays for relief against the Defendants, and each of them, for each cause of action as follows:

1. General and special damages as allowed by law to be determined at trial;

2. Damages for personal injuries in an amount to include past and future pain and suffering to be determined at trial;

3. Damages for medical expenses incurred, both past and future, in amount to be determined at trial;

4. Damages for lost of earnings and earning capacity incurred, both past and future, in an amount to be determined at trial;

5. For any and all pre- and post-judgment interest allowed under the law;

6. Reasonable attorney's fees and costs; and

7. For such other further relief as this Court may deem just and proper.

DATED THIS ___30___ day of October, 2019.

DIMOPOULOS INJURY LAW

_____
MICHAEL C. LAFIA, ESQ.
Nevada Bar No. 12989
6830 South Rainbow Boulevard, #200
Las Vegas, NV 89118
Attorneys for Plaintiff

Page 5 of 5