# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MARISA MAE SCHOMBURG,<br>    Plaintiff,<br>v.<br>MARCUS APODACA, et al.,<br>    Defendants. | Case No.: 2:20-cv-00333-RFB-NJK<br><br>**ORDER**<br><br>[Docket No. 17] |

Pending before the Court is the parties' joint proposed discovery plan. Docket No. 17. The presumptively reasonable discovery period is 180 days, measured from the date the first defendant answered or otherwise appeared. LR 26-1(b)(1).

On October 26, 2020, the Court issued an order requiring the parties to file a joint proposed discovery plan or a status report explaining why a proposed discovery should not be filed at this time, no later than November 9, 2020. Docket No. 11. The parties failed to file either a joint proposed discovery plan or a status report. *See* Docket. On November 12, 2020, the Court issued an order requiring the parties to show cause in writing, no later than November 25, 2020, why this case should not be dismissed and why monetary sanctions should not be imposed. Docket No. 12. The Court further ordered that the order to show cause would be deemed automatically discharged without the need to respond if the parties filed a joint proposed discovery plan by November 25, 2020. *Id.*

On November 25, 2020, the parties filed a joint proposed discovery plan. Docket No. 13. The Court denied the parties' proposed discovery plan without prejudice because the parties failed to comply with the Court's requirements for special scheduling review. Docket No. 15. The Court further found that, although the parties requested a discovery period of 180 days, measured from the date of the filing of the joint proposed discovery plan, the parties' requested dates constituted

a discovery period of 270 days, measured from the date of the filing of the joint proposed discovery plan. *Id.*  The Court ordered the parties to file a renewed joint proposed discovery plan that complies in full with the Court's Local Rules, no later than December 4, 2020. *Id.*  The parties failed to file a renewed joint proposed discovery plan. *See* Docket.  On December 7, 2020, the Court issued an order requiring the parties to file a joint proposed discovery plan that complies in full with the Court's Local Rules, no later than December 9, 2020.  Docket No. 16.  The Court cautioned the parties that failure to comply with the Court's order may result in sanctions.  *Id.*

On December 9, 2020, the parties filed the instant joint proposed discovery plan. Docket No. 17.  The parties seek a discovery period of 180 days, measured from the date of the filing of their first joint proposed discovery plan.  *Id.* at 2.  However, the parties' requested dates again constitute a discovery period of 270 days, measured from the date of the filing of their first joint proposed discovery plan.  *See id.* at 2–3.  Further, the parties submit that, upon removing the case to this Court on February 14, 2020, "discovery has been stayed due to COVID-19, the state's shelter-in-place order, and the Court's administrative order."  *Id.* at 2.  However, no such administrative order exists.  Further, the parties may not agree to stay discovery without a court order.  *See Turner Broad. Sys, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555 (D. Nev. 1997).

Accordingly, the parties' joint proposed discovery plan is **DENIED** without prejudice.  Docket No. 17.  No later than December 14, 2020, the parties must file a renewed joint proposed discovery plan that complies in full with the Court's Local Rules.  Failure to file a renewed joint proposed discovery plan that complies in full with the Court's Local Rules by the deadline may result in sanctions, including monetary sanctions.

IT IS SO ORDERED.

Dated: December 10, 2020.

_____
Nancy J. Koppe
United States Magistrate Judge