UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARISA MAE SCHOMBURG,<br><br>    Plaintiff,<br><br>v.<br><br>MARCUS APODACA, et al.,<br><br>    Defendants. | Case No.: 2:20-cv-00333-RFB-NJK<br><br>**ORDER**<br><br>[Docket Nos. 48, 49] |

Pending before the Court are Plaintiff's motions to compel and to deem requests admitted. Docket Nos. 48, 49.

There is no specific deadline enunciated in the governing rules by which to file a motion to compel; that determination is left to the exercise of judicial discretion. *Wyles v. Sussman*, 445 F. Supp. 3d 751, 755 (C.D. Cal. 2020). The case law in this District has long made clear that the dispositive motion deadline is generally the outer limit for filing a motion to compel. *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999). Motions to compel filed after that date are presumptively untimely and will be denied on that basis absent a showing of unusual circumstances. *Garcia v. Serv. Emps. Int'l Union*, 332 F.R.D. 351, 354 (D. Nev. 2019).[1] Additionally, discovery motions must contain a certification that the movant "has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion." Local Rule 26-6(c).

In this case, the dispositive motion deadline was June 23, 2021. Docket No. 20. Plaintiff fails to explain how a motion to compel filed fifteen months after the presumptive deadline for

---

[1] The untimeliness of a discovery motion may be raised *sua sponte* as it implicates the Court's management of the docket and enforcement of its own orders. *Garcia*, 332 F.R.D. at 354 n.2 (citing *Bonavito v. Nev. Prop. 1 LLC*, 2014 WL 5364077, at *4 (D. Nev. Oct. 21, 2014)).

1

such a motion is anything but untimely. *See* Docket No. 48. Additionally, Plaintiff fails to include the required meet-and-confer certification. *Id.*

The Federal Rules of Civil Procedure provide for the automatic admission of facts from a failure to respond to requests for admission, making motions to deem facts admitted unnecessary. *See, e.g.,* Fed. R. Civ. P. 36(a)(3); *Am. Tech. Corp. v. Mah*, 174 F.R.D. 687, 690 (D. Nev. 1997). To the extent Plaintiff seeks to have Defendant Aarons's Inc's responses withdrawn or amended to narrow the issues for trial, *see* Docket No. 49 at 6, the proper method to do so is to file a motion to withdraw or amend admissions. Fed. R. Civ. P. 36(b).

Accordingly, Plaintiff's motions to compel and to deem requests admitted are **DENIED** without prejudice. Docket Nos. 48, 49. Any subsequent motions must address timeliness and comply with all applicable rules and case law.

IT IS SO ORDERED.

Dated: November 3, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

2